IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

―――――――

**AISHA BRADFORD, et al.**,

        Plaintiffs,

v.                                                                                                                          No. CIV 07-388 BB/RHS

**THE CITY OF ALBUQUERQUE, et al.**,

        Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Defendants' motion for summary judgment (Doc. 36). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion will be granted in part and denied in part.

This case arises out of a confrontation between Defendant Agustin Salcido ("Officer Salcido") and Plaintiffs, which occurred on July 10, 2004. Officer Salcido was acting in his capacity as a horse-mounted police officer employed by Defendant City of Albuquerque ("City") at the time of the confrontation. As discussed below, the parties disagree about the cause of the confrontation, the extent of physical contact that occurred during the confrontation, and the extent of the injuries (if any) suffered during the confrontation. In March 2007, Plaintiffs filed suit in state court, raising civil-rights claims under 42 U.S.C. § 1983 as well as state-law tort claims under the New Mexico Tort Claims Act. Defendants have moved for summary judgment on all claims.

**Standard of Review:** Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In addressing Defendants' motion, the Court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. *See Adams v. American Guarantee and Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (stating that moving party may satisfy its burden by "pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.")  Once the movant meets its burden, the nonmovant must identify evidence that would enable a trier of fact to find in the nonmovant's favor. *See Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992).

**Claims Brought By or on Behalf of Shanae Bradford and Wendy Bradford:** It is undisputed that these two Plaintiffs were never physically touched or seized in any way by Officer Salcido.  Accordingly, the only causes of action they have raised are state-law assault claims.  In response to the motion for summary judgment, however, these two Plaintiffs submitted absolutely no evidence and made absolutely no argument in support of their claims.  In fact, although the response brief extensively argues the facts and law surrounding Plaintiff Aisha Bradford's claims, it never mentions Shanae or Wendy by name and barely mentions them by

implication.[1]  The Court therefore holds that these two Plaintiffs have failed to adequately rebut Defendants' summary-judgment showing and have in effect abandoned their claims.  *Tran v. Trustees of State Colleges in Colorado*, 355 F.3d 1263, 1266 (10th Cir. 2004) (issues not briefed are deemed abandoned, and litigant waives a point by failing to support it with authority or sound argument); *Thomas, supra*, 968 F.2d at 1024 (when movant makes showing of entitlement to summary judgment, opposing party must point to affidavits or other evidence raising an issue of fact sufficient to preclude grant of summary judgment).[2]

**Plaintiff Aisha Bradford's Claims Against Officer Salcido:**  As the parties have discussed in their briefs, Aisha Bradford claims that Officer Salcido unlawfully and unreasonably seized her in violation of the Fourth Amendment, used excessive force in doing so, and committed the state-law torts of assault and battery.  Aisha also claims the City is liable for Officer Salcido's actions under 42 U.S.C. § 1983 due to its inadequate training of Officer Salcido, applying the doctrine of municipal liability.[3]  Officer Salcido, for his part, maintains he

---

[1]The brief admits Defendants' version of the undisputed facts indicating that Officer Salcido did not touch Shanae or Wendy, but "wishes to point out that an assault does not require a 'touching.'"

[2]Despite these Plaintiffs' failures to address their claims in the response brief or attach any evidence supporting those claims to the brief, the Court has examined the attachments to Defendants' brief to determine whether anything in those attachments raises an issue of fact as to these Plaintiffs' claims.  The Court finds these Plaintiffs' descriptions of the events are far too general and conclusory to allow a factfinder to determine that Officer Salcido assaulted either Shanae or Wendy.  Therefore, summary judgment is appropriate on their claims even if they have not in fact intended to abandon them.

[3]Aisha also named the Albuquerque Police Department ("APD") as a Defendant.  However, the response brief names only the City in its discussion of municipal liability.  Furthermore, police departments are not amenable to suit under § 1983.  *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (police departments are not usually considered legal entities subject to suit).  APD is therefore not a proper Defendant as to these claims.

is entitled to qualified immunity as to the § 1983 claims and summary judgment as to the state-law assault and battery claims. The City separately argues there is no basis for imposition of municipal liability in this case.

The Court's review of the evidence submitted by the parties indicates this is a classic "swearing match" between Officer Salcido and his witnesses on the one hand, and Aisha and her witnesses on the other. As such, summary judgment in favor of Officer Salcido is inappropriate. The incident in question occurred at a "Summerfest" event at Albuquerque's City Plaza. Officer Salcido contends that before the incident occurred he was aware there was a fight going on in the area where Aisha was located, and he went to that location to investigate. He testified that he saw Aisha yelling and screaming in order to instigate a fight, and argues he therefore had reasonable suspicion she was committing petty misdemeanors and engaging in disorderly conduct. He also testified that he merely leaned down while on his horse and tapped Aisha on the shoulder to get her attention while she was yelling. At this point, according to Officer Salcido, Aisha physically attacked him, scratching his arm and grabbing his badge and uniform. Only then, according to Officer Salcido, did he take Aisha by the neck and "escort" her to an officer who was on foot, so she could be arrested.

Aisha, on the other hand, relates a completely different account of the incident. She testified at her deposition that there were no fights or arguments occurring in her vicinity, a point corroborated by Shanae and Wendy in their own depositions. [MSJ Exh. B, p. 75; Exh. G, pp. 24-25; Exh. I, p. 29] She also testified that four officers on horseback were riding through the crowd, telling everyone to leave the area. She screamed in fear, ran up a set of stairs, then ran down the stairs to help a small boy who had fallen. At that point she saw a horse-mounted

4

officer riding straight toward her, and covered her head with her arms. The horse ran into her, and then the officer (Officer Salcido, although Aisha did not know that at the time) grabbed her by the hair. [MSJ, Exh. B, pp. 79-80] Officer Salcido began dragging her by the hair, sometimes lifting her feet off the ground, as she grabbed at his fingers to try to get her hair out of his hand. [*Id.* p. 83] Aisha's hair extensions were pulled out by Officer Salcido as he was dragging her. [*Id.* p. 84] Officer Salcido dragged Aisha for about half the length of a basketball court, or approximately 45 feet, before dropping her. [*Id.* p. 86] Aisha was then slammed into a wall by a different officer, who has not been named as a defendant in this lawsuit. [*Id.* p. 88-90]

It must be emphasized that the Court is required to view the evidence in the light most favorable to Aisha, not Officer Salcido. Under Aisha's version of the events, Officer Salcido had no reasonable suspicion that she was doing anything wrong, had no reason to touch her, and certainly had no reason to drag her by the hair, from horseback, any distance at all, let alone 45 feet. Furthermore, any reasonable police officer would have known that he did not have a right to seize Aisha by the use of physical force in the manner claimed, despite Officer Salcido's argument that he did not arrest Aisha but merely subjected her to an investigative detention. *See Cortez v. McCauley*, 478 F.3d 1108, 1123 (10th Cir.2007) (investigative detention must be supported by reasonable suspicion; where there is no reasonable suspicion or even arguable reasonable suspicion, officers are not entitled to qualified immunity on wrongful-seizure claim).[4] In addition, any reasonable officer would have known that, in the absence of any indication that

---

[4]For this reason, it is unnecessary for the Court to resolve the parties' arguments, contained in the briefs, as to whether the seizure of Aisha constituted an arrest or merely an investigative detention. As noted, under Aisha's version of the facts there was no constitutional basis for an investigative detention or an arrest.

Aisha posed a threat to anyone, grabbing Aisha by the hair and dragging her for 45 feet, tearing out her extensions in the process, constituted an excessive use of force. *See id.*, 478 F.3d at 1131 (reasonable officers "should have known that they were permitted to use only as much force as was necessary to secure their own safety and maintain the status quo."). Accordingly, Officer Salcido is not entitled to qualified immunity or summary judgment on either Aisha's claim that she was subjected to an unconstitutional seizure, or her excessive-force claim. Finally, Officer Salcido is not entitled to summary judgment on the merits of the state-law claims of assault and battery. NMSA § 41-4-12 (waiving immunity for batteries committed by law enforcement officers in the course of performing their duties); *Selmeczki v. N.M. Dept. of Corrections*, 139 N.M. 122, 131 (N.M.App. 2006) (causing an offensive touching constitutes the tort of battery); *see, e.g., Mantz v. Chain*, 239 F.Supp.2d 486 (D.N.J. 2002) (where police officer uses excessive force in effectuating an arrest, officer may be liable for assault and battery).[5]

**Plaintiff Aisha Bradford's Claims Against City and APD:** Aisha's claims against the City and APD must be separated into her § 1983 claims and her state-law claims, because different analyses apply to each type of claim. As noted above, her § 1983 claim may be brought only against the City, and is a failure-to-train claim. In support of that claim, however, Aisha has submitted no evidence. The response brief quotes a few statements allegedly made by Officer Salcido at his deposition, but no pages from that deposition were attached to the brief. Furthermore, the quotes do not establish that Officer Salcido's training as a horse-mounted

---

[5]The Court notes it is unnecessary to resolve, for summary-judgment purposes, an issue debated by the parties – whether Aisha suffered a fracture in her shoulder during the incident. Whether or not such a fracture occurred, there are issues of fact precluding summary judgment on the excessive-force and battery claims.

officer was inadequate. He apparently testified that he had to take a written test, oral test, and riding test to become a mounted officer, that he was given a manual concerning horse-mounted officers, and that he did not remember how long his training had lasted. [Resp. Br. pp. 13-14] This is not sufficient to establish that his training was deficient, or to raise an issue of fact as to a causal connection between his training and the incident at issue in this case. *See Allen v. Muskogee, Oklahoma*, 119 F.3d 837, 841-42 (10th Cir. 1997) (plaintiff must establish direct causal link between inadequate training and constitutional deprivation suffered by plaintiff). Aisha did request an opportunity to supplement discovery, in order to obtain records of Officer Salcido's training as well as the manual he referred to at his deposition. However, his deposition was apparently held on February 7, 2008, and Aisha did not make the request to supplement until June 2008, when she filed the response brief. This is far too late to reopen discovery, and her request is hereby denied. In addition, summary judgment is granted to the City on the failure-to-train claim, which means the § 1983 claims will be dismissed with respect to the City.

The state-law claims are a different matter. The New Mexico Court of Appeals has held that an individual government employee need not be named as a defendant in order to bring a claim under the Tort Claims Act. *See Lopez, Sr. v. Las Cruces Police Dept.*, 139 N.M. 730, 735 (N.M.App. 2006). In doing so, the Court of Appeals impliedly held that a police department is a proper defendant in such a lawsuit, by reversing the dismissal of a claim the plaintiff had brought solely against the Las Cruces Police Department. *Id.* It is not clear at this point whether APD alone, or both the City and APD, should be kept as Defendants with respect to the state-law claims. Since the parties have not yet addressed this issue, the Court will not decide it at this time. Instead, the Court will deny summary judgment to both the City and APD on the state-law

claims, since APD and the City can be held liable for Officer Salcido's actions (as well as the actions of the officer who allegedly "slammed" Aisha into a wall) and he is not entitled to summary judgment on the state-law claims.

**Conclusion:**  As a result of the foregoing, summary judgment will be granted on the following claims:  (1)  all claims raised by Plaintiffs Shanae and Wendy Bradford; and (2) Plaintiff Aisha Bradford's § 1983 claims against the City and APD.  Summary judgment will be denied on Aisha Bradford's other claims.

## ORDER

A memorandum opinion having been entered this date, it is hereby ORDERED that the motion for summary judgment (Doc. 36) filed by Defendants be, and hereby is, GRANTED in part and DENIED in part.

Dated this 16th day of September, 2008.

_____
BRUCE D. BLACK
United States District Judge